UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH VILCHEZ LAUE                          CIVIL ACTION

VERSUS                                       NUMBER: 07-1371

RODNEY STRAIN, SHERIFF, ET AL.               SECTION: "S"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Joseph Vilchez Laue, against defendants, Rodney Strain, Sheriff for the Parish of St. Tammany, unidentified deputies in the Sheriff's employ, and unidentified employees of the Home Depot store located in Slidell, Louisiana. (Rec. doc. 1). Plaintiff complains that excessive force was used by an unidentified sheriff deputy in arresting him at the Home Depot located in Slidell, Louisiana, and charging him with theft of merchandise valued at over $300.00.

On March 27, 2007, the Court granted plaintiff's application to proceed IFP. (Rec. doc. 3). A copy of the Court's order granting plaintiff's application to proceed IFP was mailed to him at his address of record but was subsequently returned to the

Clerk's Office on April 30, 2007 with a notation that the mailing was undeliverable because plaintiff was no longer housed at that facility. (Rec. doc. 4). It has now been over thirty days since that mail was returned as undeliverable.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden.

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the fifth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 5). The Court must therefore assume

that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, this failure is attributable to him alone.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that Such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  7th  day of ____June____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

3